UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-174-MOC-DSC-1

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MARON DUVELLE DOUGLAS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Reduce Sentence Pursuant to First Step Act 2018 and Compassionate Release/Reduction of Sentence. (Doc. No. 47). Defendant is currently incarcerated at FCI Butner Low in Butner, North Carolina. The Government has responded in opposition to the motion.

### I. BACKGROUND

On July 31, 2019, Defendant received a 24-month sentence for violating the terms of his supervised release. Defendant's supervision was revoked because he committed a new law violation, specifically possession with intent to deliver cocaine. The high-end sentence was driven in part because it was the second time Defendant had his supervision revoked for committing a new law violation and in part because of his significant criminal history, which included multiple convictions for drug trafficking, possession of a firearm by a felon, assault on a female, and carrying a concealed weapon, among others.

Defendant has served approximately 90% of his projected term of imprisonment, and his current projected release date is October 31, 2020. A review of Defendant's medical records

1

provided by the BOP show that Defendant first tested positive for COVID-19 on June 3, 2020, although he was asymptomatic. Defendant subsequently had several interactions with BOP medical staff, none of which revealed any serious complications. Defendant remained asymptomatic as of August 5, 2020, and was released out of isolation. Defendant was again seen by BOP medical staff on August 14, 2020, and reported no complications related to COVID-19. Defendant has now filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the number of positive cases at FCI Butner Low and his generalized fear of a "second wave" of COVID-19 cases. Separately, Defendant seeks a sentence reduction under Section 102(b) of the First Step Act, asserting that he should retroactively receive good time credits for his original sentence and have it applied to his current supervised release violation sentence.

## II.     DISCUSSION

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the BOP to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594 (3d Cir. 2020). Here, Defendant claims that he has exhausted his administrative requirements under Section 3582(c)(1)(A), but he provides no support. Furthermore, the Government asserts that a BOP representative has advised the Government that Defendant has not made any requests to the BOP pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly, Defendant's request for compassionate release will be denied without prejudice to refiling once he has exhausted his administrative remedies or provided

evidence that he already has done so.[1]

Next, as for Defendant's request for an award of good-time credits under Section 102(b) of the First Step Act, the BOP, not the courts, determines whether a prisoner is entitled to good-time credits under the First Step Act. See 18 U.S.C. § 3624(b)(1). Defendant claims to have exhausted his administrative remedies regarding this issue with the BOP. As such, his only recourse, if any, is to seek review by filing a habeas petition under 28 U.S.C. § 2241 in his district of confinement.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to First Step Act 2018 and Compassionate Release/Reduction of Sentence, (Doc. No. 47), is **DENIED** without prejudice to refile his motion once he has exhausted his administrative remedies with the BOP. As to his request for good-time credits in his motion, Defendant must file a Section 2241 petition in his district of confinement.

Signed: September 17, 2020

Max O. Cogburn Jr.
United States District Judge

---

[1] The Government also seeks a denial of Defendant's request for compassionate release on the merits, but this Court declines to reach the merits unless and until Defendant has exhausted his administrative remedies.